**JACKSON et al. v. NOEL.**

**No. 3635.**

Court of Civil Appeals of Texas. Amarillo.
April 1, 1931.

Rehearing Denied April 15, 1931.

Willis, .Studer & Studer, of Pampa, for appellants.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellee.

RANDOLPH, J.

This suit was filed by appellee, J. L. Noel, a resident taxpaying citizen of Gray county, Tex., as plaintiff, in the district court of Gray county, against appellants, Tom Jackson, an individual, S. D. Stennis, county judge of Gray county, John R. White, Lewis O. Cox, H. G. McCleskey, and M. M. Newman, as county commissioners, Mable Davis, county treasurer, Ray Wilson, auditor, and Charlie Thut, county clerk, seeking to have declared as being null and void a certain contract made by the appellant Tom Jackson with appellant Lewis O. Cox, as county commissioner of Gray county, and the commissioners' court of Gray county, alleging that in January, 1931, Lewis O. Cox, as county commissioner, entered into a contract with appellant Jackson by which said Jackson agreed to furnish certain road material for public roads in Gray county for a price of $3 for each yard of gravel and material, to be paid for by Gray county; further, that the price agreed upon was greatly in excess of $2,000; that the material was furnished by said Jackson, and that Jackson claimed he had furnished 1,280 yards of earth, sand, and dirt at the price agreed upon, which amounted to $3,840; that in reality the said Jackson did not furnish the amount that he claimed. Further, plaintiff alleged that the reasonable price thereof should not have been more than $1.25 per yard, and that the material furnished was of no value to the county, and that the contract was fraudulently made and was not bona fide; that Lewis O. Cox, as county commissioner, did not lawfully bind Gray county by said contract; that the contract called for the expenditure of more than $2,000, and was illegal because it was not let to competitive bidders and the county did not have a certified check deposited for 5 per cent. of the amount, and that the contract was therefore void. He further alleged that Jackson did not give a bond as required by law; that Jackson had filed with the auditor his claim for $3,840; that the commissioners' court proposed to meet immediately, and was threatening to approve the claim of said Jackson unless restrained; and that said Jackson would collect same from the county and it would be lost to Gray county and its citizens and taxpayers unless such action was restrained, etc.

It is not necessary to discuss the defendants' answer.

On trial on the merits, all parties announced ready, and the trial was had before the court without the intervention of a jury, and the trial court rendered judgment granting the injunction as prayed for by the plaintiff, and appeal was therefrom taken to this court.

The appellants attack the judgment of the trial court upon the following grounds: (1) That article 2368, Revised Civil Statutes, did not apply to the contract here in question because it was not a contract that necessarily called for and required the expenditure of the funds of the county in excess of $2,000 at the time the contract was made; (2) That said article did not apply because the uncontradicted evidence shows conclusively that the contract was one that Tom Jackson was to supervise the work and to receive installments of $3 per cubic yard for the work, and that his work was one that called for experience of the construction and called for expert services and

expert selection of material and expert construction of the road; (3) that said article is not applicable to the contract in question because subdivision 6 of article 2351 of the Revised Civil Statutes gives the commissioners' court general control over all road and chapter 3, title 116 (articles 6717–6789), makes it the duty of the commissioners' court to place gravel, earth, and stone or other necessary material to repair or maintain such public road and pay the owner fair and just compensation therefor as may be agreed upon between him and the commissioners' court, which article was passed later than article 2368 and therefore supersedes it; (4) that said article 2368 did not apply because the evidence shows that the commissioners' court had constituted Lewis O. Cox, one of the county commissioners, as overseer or supervisor over the road, and he was authorized to expend the money for repairs of the road under and by virtue of article 6739 of said statutes, under the control of the commissioners' court, subject only to report to the court and to the provisions of articles 6740 and 6741, also that article 6751 gives the commissioners' court authority to purchase or hire all necessary teams and labor to repair the road; (5) article 6753 of the said statutes gives the commissioners' court the discretion as to whether or not they deemed best to advertise for bids on improving a road, and also provides that, in case of conflict, the provisions of chapter 3 should apply as against general laws.

Article 2368 is as follows: "No commissioners court shall make a contract calling for or requiring the expenditure or payment of two thousand dollars or more out of any fund or funds of any county or subdivision of any county, without first submitting such proposed contract to competitive bids. Notice of the time and place when and where such contract will be let shall be published in such county or subdivision once a week for four weeks prior to the time set for letting such contract, and a certified check for five per cent of the amount of the bid shall be required to be filed with each bid, and said contract shall be let to the lowest and best responsible bidder upon said contract and said bidder shall be required to give a good and sufficient bond in the full amount of the contract price executed by some surety company authorized to do business in this State. If there is no newspaper published in such county or subdivision, then notice of the letting of such contract shall be given by causing notice thereof to be posted at the courthouse door of such county for four weeks prior to the time of letting such contract. Provided, that in case of public calamity, where it becomes necessary to act at once to appropriate money to relieve the necessities of citizens or to preserve the property of the county or subdivision, this provision may be waived. All contracts made by or with said court calling for or requiring the expenditure of any amount of money less than two thousand dollars and exceeding five hundred dollars shall be let by competitive bids at a regular term of court, except in case of urgent necessity or public calamity. The provisions of this article shall not apply to any work done under the direct supervision of the county commissioners and paid for by the day. A contract made by the commissioners' court without complying with the terms of this article shall be void, and shall not be enforceable in any court of this State, and the performance of same and the payment of any money thereunder may be enjoined by any citizen of the county or subdivision. This law shall be cumulative of this title."

The contract made by the commissioners' court with Jackson through Cox, one of its commissioners, was for the hauling of material and for the spreading of same on the road. The record does not disclose that any contract was made with reference to the placing of such material upon any special number of yards of road, and no number of yards of gravel or caliche or other material was contracted for; hence it cannot be said that the making of the contract called for the expenditure of the sum of $2,000 or more. In other words, it was such a contract for the delivery of material that work could be stopped at any time.

That the contract now before this court is not controlled by article 2368, R. C. S. See Gulf Bitulithic Co. v. Nueces County (Tex. Com. App.) 11 S.W.(2d) 305.

For the reason that the evidence fails to disclose that the contract as made with Jackson necessarily amounted to the sum of $2,000, and for the reason that the commissioners' court, when having county road work done under its supervision, was not limited to such sum in the repair of the road of the county and that they had the option as to whether such work should be submitted to competitive bidders, we reverse the judgment of the trial court, and remand the cause for another trial.